# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY GUTIERREZ,<br><br>                                  Plaintiff,<br>  vs.<br>HERTZ CORP.,<br><br>                                Defendant. | CASE NO. 15cv0867-WQH-RBB<br><br>ORDER |

HAYES, J:

      The matters before the Court are the motion to proceed in forma pauperis ("IFP) (ECF No. 2) and the motion for the appointment of counsel (ECF No. 3) filed by Plaintiff Cindy Gutierrez.

      On April 20, 2015, Plaintiff Cindy Gutierrez commenced this action by filing the Complaint (ECF No. 1), the motion to proceed IFP (ECF No. 2), and the motion for the appointment of counsel (ECF No. 3).

**I. Motion to Proceed IFP (ECF No. 2)**

      All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In Plaintiff's accompanying affidavit, Plaintiff states that she is not currently employed and has not been employed since 2013. Plaintiff states that her only source of income is through CalFresh benefits. Plaintiff states that she does not hold a checking account or any other accounts, or own any valuable property or other assets.

After considering Plaintiff's motion and accompanying affidavit, the Court concludes that Plaintiff is entitled to proceed in forma pauperis. Accordingly, Plaintiff's motion to proceed in forma pauperis is granted.

**II. Initial Screening of the Complaint**

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

Plaintiff seeks to represent a class of consumers. Plaintiff alleges that Defendant Hertz Corp. has a discriminatory policy of requiring persons of perceived Hispanic descent to provide social security numbers prior to renting such persons automobiles. Plaintiff alleges that when she went to a Hertz location in Fountain Valley, she was asked to read her social security number out loud, while present non-Hispanic customers were not asked for their social security numbers. Plaintiff asserts a claim for violation of the Unruh Civil Rights Act, California Civil Code section 51.

Federal courts—unlike state courts—are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can only adjudicate those cases in which the United States Constitution and Congress authorize them to adjudicate. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In the federal courts, subject matter jurisdiction may arise from either "federal question jurisdiction" or "diversity jurisdiction." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. §§ 1331-32. To invoke diversity jurisdiction, the complaint

1  must allege that "the matter in controversy exceeds the sum or value of $75,000,
2  exclusive of interest and costs, and is between ... citizens of different States ... [or]
3  citizens of a State and citizens or subjects of a foreign state...." 28 U.S.C. § 1332(a).
4  To invoke federal question jurisdiction, the complaint must allege that the "action[]
5  aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. §
6  1331. To invoke jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), the
7  complaint must allege that "the matter in controversy exceeds the sum or value of
8  $5,000,000" and that "any member of a class of plaintiffs is a citizen of a State different
9  from any defendant...." 28 U.S.C. § 1332(d).

10       The Complaint asserts a single state-law claim for violation of the Unruh Civil
11 Rights Act and no federal claims. The Complaint does not allege that diversity
12 jurisdiction or CAFA jurisdiction exists in this case. Specifically, the Complaint does
13 not allege the citizenship of either Plaintiff or Defendant. The Court concludes that the
14 Complaint must be dismissed because it fails to allege a basis for federal court subject-
15 matter jurisdiction.

16 **III. Motion for the Appointment of Counsel (ECF No. 3)**

17       In light of the Court's dismissal of the Complaint, Plaintiff's motion for the
18 appointment of counsel is denied as moot.

19 ///

## IV. Conclusion

IT IS HEREBY ORDERED that the motion to proceed IFP (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that the Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. section 1915(e). No later than **thirty (30) days** from the date of this Order, Plaintiff may file an amended complaint, which shall be titled, "First Amended Complaint," and which shall comply with the Federal Rules of Civil Procedure and adequately allege a basis for subject-matter jurisdiction. If Plaintiff does not file a First Amended Complaint within that time, the Clerk of the Court shall close the case without further order of the Court.

IT IS FURTHER ORDERED that the motion for the appointment of counsel (ECF No. 3) is DENIED as moot.

DATED: April 23, 2015

*/s/ William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge